UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOISES ESCALONA PELLEGRINO,

Applicant,

v. CASE NO. 8:26-cv-2591-SDM-CPT

OFFICER IN CHARGE OF TAMPA ICE OFFICE, *et al.*,

Respondents.
___________________________________/

**<u>ORDER</u>**

Escalona Pellegrino applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges his detention in a Tampa Immigration and Custom Enforcement Facility. Escalona contends that he was arrested unlawfully without a warrant and that his resulting detention is unlawful. By this action Escalona Pellegrino challenges only his present detention, not whether he is subject to removal.

The parties have complied with the earlier order (Doc. 3) to expeditiously file their response and reply. (Docs. 4 and 5) The respondent contends that Escalona Pellegrino's detention is governed by 8 U.S.C. § 1225, which does not allow bond or an individualized custody review, rather than 8 U.S.C. § 1226, which allows a bond or an individualized custody review. Escalona Pellegrino argues that, under

*Hernandez Alvarez v. Warden, Fed. Det. Center*, 175 F.4th 1258 (11th Cir. 2026), Section 1226 governs and he is entitled to a bond hearing. Although recognizing *Hernandez Alvarez*, the respondent argues that Escalona Pellegrino's situation is different and that Section 1225 should govern. Nevertheless, the respondent "acknowledge[s] *Hernandez Alvarez* is binding on this Court should it disagree with Federal Respondent's view . . . ." (Doc. 4 at 4) The respondent relies on *Martinez v. U.S. Atty. Gen.*, 577 F. App'x 969, 973 (11th Cir. 2014), for its interpretation that Escalona Pellegrino is considered an "arriving alien" but admits that courts have rejected their interpretation. In his reply Escalona Pellegrino correctly distinguishes *Martinez*, which, because it is an unpublished decision, is "not considered binding precent." 11th Cir. Rule 36-2. *Hernandez Alvarez* binds this district court.

The application (Doc. 1) for the writ of habeas corpus is **GRANTED**. No later than **THURSDAY, OCTOBER 1, 2026**, the respondent must afford Escalona Pellegrino an individualized custody determination and, if Escalona Pellegrino is released, set a reasonable bond as required under Section 1226.* The clerk must enter a judgment for Escalona Pellegrino and close this case.

ORDERED in Tampa, Florida, on September 25, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

* The district court rejects Escalona Pellegrino's request to advise the as-yet undetermined immigration judge about how to proceed with, and what standards to apply at, the bond hearing.